UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:20-cr-00254 |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| v. | ) | |
| | ) | |
| **HOWARD A. BURRIS,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Howard A. Burris's Motion for release from pretrial detention pursuant to 18 U.S.C. § 3145(B), **ECF Doc. 29**. For the following reasons, Defendant's Motion is **DENIED**.

### I.  Background

Howard Burris was indicted on March 20, 2020, in a one-count indictment. ECF Doc. 1. Mr. Burris was charged with being a felon in possession of a firearm. *Id*. Mr. Burris's charge is based on a traffic stop that occurred on March 20, 2020, in which Akron police found a Kahr Arms model PM 40 .40 caliber semiautomatic pistol in a car Mr. Burris was driving. ECF Doc. 19 at 3. Prior to being arrested Mr. Burris fled on foot and lied about his identity to the police. *Id*.

On August 16, 2021, Mr. Burris's trial was held. ECF Doc. 26. After deliberations commenced on August 17, 2021, the jury informed the Court that they had reached an impasse in deliberations. Given the late hour, the Court excused the jury for the day and instructed them to return the next day, on August 18, 2021, at 9 am. After deliberations began on August 18, 2021, the jury notified the Court that they had reached an impasse again. The Court gave the jury an Allen charge and directed the jury to resume deliberations. Following five hours of deliberations,

1

the jury again reported that they were unable to come to a unanimous verdict, and the Court declared a mistrial. On August 19, 2021, Mr. Burris filed a Motion for Release from Pretrial Detention. ECF Doc. 29. On August 25, 2021, the Government filed an opposition brief. ECF Doc. 30.

**II.     Discussion**

Pursuant to 18 U.S.C. § 3145(b):

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

18 U.S.C. § 3145(b). Here, the order of detention was issued by Magistrate Judge Thomas Parker. ECF Doc. 12. In performing the review, a court must find that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, courts consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

>  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Mr. Burris is accused of being a felon in possession of a firearm – a Kahr Arms model PM 40 .40 caliber semiautomatic pistol in a car he was driving. Prior to being arrested Mr. Burris fled on foot and lied about his identity to the police. *Id*. Mr. Burris has a worrisome criminal history, previous supervised release history, and a history of failure to appear. ECF Doc. 3 (Mr. Burris's Pretrial Services Report). Mr. Burris's argument that, based on the advisory sentencing guideline calculation, he may be less than one year away from completing any sentence in this case is valid. However, as the Government noted, even if Mr. Burris was released from federal custody in this matter, he would not be released from jail. Mr. Burris has a pending matter in the Summit County Court of Common Pleas for a probation violation and new felony charge. ECF Doc. 30-1. Mr. Burris was only released to federal custody for his pending federal case. *Id*. Once the transfer occurred, the Summit County Judge issued a capias to ensure that Mr. Burris will return to Summit County custody once released from federal custody. ECF Doc. 30-2. Should Mr. Burris get his state court capias lifted, the Court will reconsider granting a renewed motion for release from pretrial detention. Until then, Mr. Burris is to remain in federal custody pending his retrial.

### III.    Conclusion

For the reasons explained above, Defendant Howard A. Burris's Motion for release from pretrial detention, ECF Doc. 29, is hereby **DENIED**.


**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster August 27, 2021*
**Dan Aaron Polster**
**United States District Judge**